UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN P. BABCOCK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:16-cv-10951-IT |
| | * |
| ADAM J. CARLOTTO, et al., | * |
| | * |
| Defendant. | * |

ORDER

September 15, 2016

TALWANI, D.J.

Before the court is Plaintiff Ryan P. Babcock's ("Plaintiff") second Motion for the Appointment of Counsel [#20] and his Motion for Stay [#19] pending resolution of his motion to appoint counsel.  For the reasons set forth below, the Motion for the Appointment of Counsel [#20] is DENIED without prejudice, and the Motion for Stay [#19] is DENIED as moot.

A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Because a civil party lacks a constitutional right to free counsel, however, there is no mandate that a court request pro bono counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights. See id.

The court has granted Plaintiff leave to proceed *in forma pauperis*. See Order [#5]. Accordingly, the court focuses on whether the case gives rise to exceptional circumstances sufficient to warrant a request for pro bono counsel.  In assessing whether exceptional

circumstances exist, the court examines the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See DesRosiers, 949 F.2d at 24.

Plaintiff does not identify any exceptional circumstance warranting a request for pro bono counsel, and he has failed to offer any statement about the merits of the case. See Mot. for the Appointment of Counsel [#3]. Moreover, the court's independent review of Plaintiff's Complaint [#1] indicates that the relevant facts and law are relatively straightforward. Accordingly, Plaintiff's Motion for the Appointment of Counsel [#20] is DENIED without prejudice to Plaintiff raising the motion again should later case developments indicate the existence of exceptional circumstances warranting a request for pro bono counsel.

Plaintiff's Motion for Stay [#19] is DENIED as moot. In view of Plaintiff's pro se prisoner status, his time to file any opposition to Motion to Dismiss by Defendants Fairview Hospital, Christopher Clark, MD, and Adrian Elliot, MD [#16] and Defendant, Adam J. Carlotto's, Motion to Dismiss [#17] is continued to October 17, 2016.

IT IS SO ORDERED.

Date: September 15, 2016                    /s/ Indira Talwani
                                            United States District Judge